IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL INDICTMENT** |
| v. | **NO. 1:14-CR-338-TCB-GGB** |
| **BRUCE MURRAY,** | |
| **Defendant.** | |

## FINAL REPORT AND RECOMMENDATION

Defendant Bruce Murray ("Defendant") is charged with being a felon in possession of a firearm on March 19, 2013 (Count One), possession with intent to distribute marijuana on March 19, 2013 (Count Two), possession of a firearm in furtherance of a drug trafficking crime on March 19, 2013 (Count Three), being a felon in possession of a firearm on March 27, 2013 (Count Four), and possession with intent to distribute marijuana on March 27, 2013 (Count Five). Pending before this court are Defendant's Motion to Suppress Statements and Motion to Dismiss Counts [Docs. 10, and 12]. For the reasons discussed below, I recommend that Defendant's motions [Docs. 10 and 12] be DENIED.

### I.   FACTS

Defendant was charged in Case No. 1:13-CR-00134 with the first four counts listed above. (Doc. 48 in Case No. 1:13-CR-00134). He filed Motions to Suppress

AO 72A
(Rev.8/82)

Evidence and Statements, and evidentiary hearings were held on these motions over the course of three days.  I entered a Report and Recommendation recommending that the motions be denied, and the district court adopted my Report and Recommendation on June 5, 2014. (Doc. 69 in Case No. 1:13-CR-00134).    In the current case, I agreed that Defendant could adopt the motions filed in the previous case.  The facts and recommendations set forth in my previous Report and Recommendation are incorporated herein.

Defendant filed a Motion to Dismiss in Case No. 1:13-CR-00134 for violation of his right to a speedy trial. The Government agreed that the Speedy Trial Act had been violated and that dismissal of the indictment without prejudice was appropriate. The district court dismissed the case without prejudice on September 5, 2014.  (Doc. 88 in Case No. 1:13-CR-00134).

The government obtained a new indictment on September 9, 2014.  (Doc. 1). The first four counts of the new indictment are identical to the four counts in the previous indictment.  The new indictment adds a fifth count which charges possession with intent to distribute less than fifty kilograms of marijuana on March 27, 2013.

Additional facts are discussed in context below.

2

II.  **DISCUSSION**

    A.  **Motion to Suppress Statements**

Defendant's new Motion to Suppress Statements argues that his statement that he had a gun in his possession should be suppressed because it was "made after a show of lawful authority, involuntarily, under duress, and without the benefit of <u>Miranda</u> warnings." (Doc. 10, p. 1). As set forth in my previous Report and Recommendation, after the vehicle in which Defendant was a passenger was lawfully stopped by law enforcement officers, the following events took place:

    Officer Moncrief approached the passenger side of the vehicle.  Defendant was in the front passenger seat.  Officer Moncrief asked Defendant for his name and date of birth and ordered him to step out of the car.  Defendant at first ignored the order, and Officer Moncrief asked him again to step out of the car.  After the second request, Defendant quickly moved his left hand from where it had been resting on his thigh and reached towards the center console of the vehicle. Officer Moncrief believed this to be an aggressive move.  To ensure his safety, Officer Moncrief then unholstered his taser, pointed it at Defendant, and ordered Defendant to get out of the vehicle.  Before Defendant left the vehicle, he volunteered that he had a gun in his possession.

3

With regard to Defendant's Miranda argument, the well known general rule is that a person who is arrested and detained must be given Miranda warnings in order for his statements, made in response to interrogation by a law enforcement officer, to be used against him in court. Miranda v. Arizona 384 U.S. 436 (1966). However, Miranda applies only to statements given in response to questioning or its functional equivalent. Rhode Island v. Innis, 446 U.S. 291 (1980). Defendant volunteered the statement that he had a gun, and the statement was not the product of questioning or the functional equivalent of questioning. Therefore, his Miranda argument is without merit.

I also reject Defendant's argument that his statement was not voluntary due to coercive circumstances. "Coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary'...." Colorado v. Connelly, 479 U.S. 157, 167 (1986). The question of voluntariness is whether the defendant's will was overborne at the time he made the waiver. See Haynes v. Washington, 373 U.S. 503, 513 (1963). When evaluating voluntariness, courts must look to the totality of the circumstances. Arizona v. Fulminante, 499 U.S. 279, 285 (1991).

4

Here, the only coercive police activity was the officer's conduct that typically occurs with a lawful arrest or detention of a person in a vehicle: The officer pointed a weapon at Defendant and ordered him to get out of his vehicle. If this conduct was enough to render Defendant's statement involuntary, then virtually all volunteered statements at the time of an arrest would be considered involuntary. Clearly, more is required before a volunteered statement is deemed involuntary. Cf. United States v. Espinosa-Orlando, 704 F.2d 507 (11th Cir. 1983)(consent deemed voluntary even where defendant was on the ground surrounded by four agents, one of whom had a weapon in his hand). Thus, considering the totality of circumstances, I conclude that Defendant's statement was voluntary.

### B. Motion to Dismiss Count Five for Vindictive Prosecution

In his Motion to Dismiss Count Five for Vindictive Prosecution, Defendant argues that the government added Count Five to the indictment to punish him for "refusing to take the government's shifting plea offer, choosing to go to trial, and for moving to uphold his Speedy Trial rights." Doc. 12 at p. 4). Although Defendant contended that Count Five carries a maximum penalty of twenty years, the government has clarified that it does not intend to file a notice pursuant to 21 U.S.C.

5

§ 851, and that Count Five, as well as the other drug count, Count Three, carries a five year statutory maximum sentence. (Doc. 16 at. n. 1).

A defendant's due process rights are violated when a prosecutor brings charges in order to penalize the defendant's exercise of constitutional rights. See Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978).  For example, the due process clause prohibits a prosecutor from bringing a more serious charge against a defendant who has pursued a statutory right of appeal from a conviction on a lesser charge from the same offense.  Blackledge v. Perry, 417 U.S. 21, 28-29 (1974).  In that circumstance, a rebuttable presumption of vindictiveness arises.  U.S. v. Goodwin, 457 U.S. 368, 376 (1982) (noting that Blackledge held that the likelihood of vindictiveness justified a rebuttable presumption that would free defendants of apprehension of a retaliatory motivation on the part of the prosecutor).  A presumption of vindictiveness generally does not arise when the alleged vindictive action occurs before trial. See Bordenkircher, 434 U.S. at 364 (finding no due process violation when prosecutor threatened during plea negotiations to reindict the defendant on a more serious charge if defendant refused to plead guilty to lesser crime originally charged); Goodwin, 457 U.S. at 380-381(rejecting defendant's

6

AO 72A
(Rev.8/82)

argument that his indictment on a felony charge following his request for a jury trial on pending misdemeanor charges gave rise to a presumption to vindictiveness).

In order to merit an evidentiary hearing, the defendant is obligated to present facts "sufficient to create a reasonable doubt about the constitutionality of a prosecution." United States v. Silien, 825 F.2d 320, 322 (11th Cir. 1987); Owen v. Wainwright, 806 F.2d 1519, 1523 (11th Cir. 1986). See also United States v. Heidecke, 900 F.2d 1155, 1160 (7th Cir. 1990) (holding that a defendant is entitled to an evidentiary hearing on the issue of vindictive prosecution only when he has offered sufficient evidence to raise a reasonable doubt about the propriety of the government's conduct).

Here, Defendant does not come close to making a colorable claim that the addition of Count Five was vindictive.  First, the new count was added prior to trial, and thus falls within the general rule of Bordenkircher.  Defendant has made no argument as to why this general rule should not apply.  Moreover, it is highly unlikely that the addition of Count Five would increase Defendant's sentence if he were to be found guilty.  The events of March 27th were already relevant to the case, as Defendant was charged with illegal possession of a firearm on that date.  "In a drug distribution case, quantities and types of drugs not specified in the count of

7

conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." U.S.S.G. § 1B1.3 (a)(2)(background commentary).  Thus, under the Sentencing Guidelines,  Defendant's offense level with or without Count Five would be based on all relevant conduct which, if he was convicted, would include the drugs found at his residence on March 27th.  Finally, the government has proffered a plausible, non-vindictive reason, for its addition of Count Five, which the Defendant has not attempted to rebut. (Doc. 16 at p. 5)("Upon reindictment, the Government included the charge of possession with intent to distribute, preempting the need to make any argument about the evidence being intrinsic or inextricably intertwined."

For the above reasons, I recommend that Defendant's Motion to Dismiss Count Five for Vindictive Prosecution be denied without an evidentiary hearing.

## III.   CONCLUSION

In conclusion, I **RECOMMEND** that Defendant's  Motion to Suppress Statements  [Doc. 10] be **DENIED** and his Motion to Dismiss [Doc. 12] be **DENIED**.

There are no pending matters before me, and I am aware of no problems relating to the scheduling of this case for trial. It is therefore **ORDERED AND ADJUDGED** that this action be declared **READY FOR TRIAL**.

It is so **ORDERED** and **RECOMMENDED**, this 5th day of November, 2014.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)