FILED IN CHAMBERS
U.S.D.C. Atlanta

JAN - 8 2015

JAMES N. HATTEN, Clerk
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRUCE MURRAY,<br><br>    Defendant. | CRIMINAL ACTION<br><br>No. 1:14-cr-338-TCB |

# ORDER

This case comes before the Court on Magistrate Judge Brill's Report and Recommendation (the "R&R") [18], and Defendant Bruce Murray's objections thereto [24]. For the reasons that follow, the Court will overrule Murray's objections and adopt the R&R as its Order.

## I.  Factual and Procedural Background

In 2013, Murray was charged in case number 1:13-cr-134-TCB with (1) being a felon in possession of a firearm on March 19, 2013; (2) being a felon in possession of a firearm on March 27, 2013; (3) possession with intent to distribute marijuana on March 19, 2013; and (4) possession of a firearm in furtherance of a drug crime on March 19,

2013. [Doc. 48 in case 1:13-cr-134]. In that case, Murray moved to suppress statements he made to law enforcement on March 27 [Doc. 10 in case 1:13-cr-134], to suppress evidence resulting from an allegedly unlawful warrantless search and seizure on March 19 [Doc. 11 in case 1:13-cr-134], and to suppress evidence resulting from an unlawful search warrant executed on March 27 [Doc. 20 in case 1:13-cr-134]. After an evidentiary hearing, Judge Brill issued a report and recommendation (the "2013 R&R") recommending that all three motions be denied [Doc. 62 in case 1:13-cr-134]. This Court adopted the 2013 R&R over Murray's objections [Doc. 69 in case 1:13-cr-134]. Then, on September 5, 2014—three days before trial was set to begin—the charges against Murray were dismissed without prejudice for violation of Murray's right to a speedy trial [Doc. 88 in case 1:13-cr-134].

On September 9, 2014, the Government obtained a new indictment against Murray. The first four counts of the new indictment are identical to the four counts in the 2013 indictment described above. The 2014 indictment also includes a fifth count that charges Murray with possession with intent to distribute marijuana on March 27, 2013.

2

Presently before the Court are five motions. Murray has adopted the three motions to suppress that were filed in the 2013 case before its dismissal [11]. He has also filed a new motion to suppress statements made on March 19, 2013 [10], as well as a motion to dismiss count five of the indictment for vindictive prosecution [12]. The R&R recommends these motions be denied. Murray has filed objections to the R&R.

## II. Legal Standard on Review of an R&R

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[1] Where no objection to the R&R is made, it need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2] Where objections are made, a district judge "shall

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing continuing validity of *Nettles*).

[2] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held that there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See*

3

make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule

---

*Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). By contrast, the standard of review on appeal distinguishes between the factual findings and legal conclusions. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when magistrate judge's findings of fact are adopted by district court without objection, they are reviewed on appeal under plain-error standard, but questions of law remain subject to de novo review).

4

"would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)). After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

### III. Analysis

#### A. The Motions to Suppress Originally Filed in the 2013 Case and Adopted Here Are Denied

Shortly after the instant case was commenced, Murray filed a motion [11] to adopt the motion to suppress statements and the two motions to suppress evidence he had filed in the 2013 case. Judge Brill granted the motion [13], and her R&R incorporates by reference the facts and recommendations set forth in the 2013 R&R with respect to those three motions to suppress. Murray's objections to that portion of the R&R incorporate by reference his factual and legal objections filed

5

in response to the 2013 R&R. [24, ¶ 1.] No new objections are presented with respect to this aspect of the R&R.

Just as it did when considering Murray's objections to the 2013 R&R, the Court has conducted a *de novo* review of the three original motions to suppress and again concludes that Judge Brill's factual and legal conclusions are sound. For all the reasons set forth more fully in the Court's Order adopting the 2013 R&R [Doc. 69 in case 1:13-cr-134], Murray's motion to suppress statements made on March 27, his motion to suppress evidence resulting from a warrantless search, and his motion to suppress evidence resulting from an unlawful search warrant are denied.

### B.   Murray's Motion to Suppress Statements Made on March 19, 2013 Is Denied

On March 19, 2013, officer Moncrief ordered Murray to exit the vehicle in which he was a passenger. Murray quickly moved his left hand from where it had been resting on his thigh towards the vehicle's center console. Believing this to be an aggressive move, Moncrief unholstered his taser and pointed it at Murray, again ordering him to

exit the vehicle. At that point, Murray allegedly stated that he was in possession of a firearm.

Murray has filed a motion to suppress this statement [10], arguing that it was made involuntarily (due to coercive police activity), under duress, and without the benefit of warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966). The R&R concludes that this statement was voluntarily made and was not the result of any coercive police activity. Judge Brill also reasoned that because the statement was volunteered by Murray—rather than having been the product of questioning by police—*Miranda* did not apply.

In response to this recommendation, Murray merely incorporates by reference the factual and legal arguments posited in support of the motion in the first place. Assuming that such an objection is sufficient to warrant *de novo* review of the R&R's recommendation on this issue,[3]

---

[3] *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (where a party objected to an R&R by incorporating by reference arguments made in prior briefs, the Court declined to consider *de novo* all of the party's arguments, finding such an objection was not a timely and specific objection); *United States v. Brown*, No. 1:09-cr-484-TWT, 2011 WL 337073, at *1 (N.D. Ga. Feb. 1, 2011) (summarily overruling objections that simply incorporated by reference the arguments in the briefing on the motion at issue).

7

the Court finds the R&R well-reasoned insofar as it recommends denying Murray's motion to suppress the March 19 statement. Accordingly, Murray's objections are overruled and the motion to suppress is denied.

### C. Murray's Motion to Dismiss Count Five of the Indictment Is Denied

Finally, Murray has moved to dismiss count five of the indictment for vindictive prosecution [12]. Murray contends that, during the 2013 case, the Government was angered by his refusal to accept a plea agreement that would require him to serve more than ten years in prison and by the granting of his speedy-trial motion. According to Murray, when the Government reindicted him four days after the 2013 charges were dismissed, it sought retribution against him by adding the fifth count, charging him with possession with intent to distribute marijuana on March 27, 2013. He asserts that because the Government could have brought this charge in the 2013 case but chose not to, the prosecution was driven by vindictiveness when it added that charge to the 2014 indictment. The R&R rejects this argument and recommends denying the motion.

When a prosecutor brings a more serious charge against a defendant who has pursued a statutory right of appeal from a conviction of a lesser charge from the same offense, a rebuttable presumption of vindictiveness arises. *Blackledge v. Perry*, 417 U.S. 21, 28-29 (1974); *United States v. Goodwin*, 457 U.S. 368, 376 (1982). But where, as here, the alleged vindictive action occurs before trial—including during plea negotiations—no such presumption generally arises. *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978).

Judge Brill found that the general rule set forth in *Bordenkircher* should apply in this case. She also noted that the fifth count was unlikely to increase Murray's sentence, notwithstanding the fact that it carries a statutory maximum sentence of five years. The federal sentencing guidelines provide that the entire course of conduct should be taken into account for sentencing purposes. The events of March 27, 2013 were already relevant to the case, and so the facts underlying count five of the indictment were likewise already relevant to any sentence imposed on Murray.

Finally, Judge Brill found plausible the Government's proffered non-vindictive reason for adding count five. The drugs giving rise to count five were discovered during the March 27 search of Murray's home. That search also led to the recovery of the firearms charged in count two of the indictment. Because the Government intended to present evidence of the drugs as intrinsic evidence at trial, it decided to include the charge of possession with intent to distribute in order to "preempt[] the need to make any argument about the evidence being intrinsic or inextricably intertwined." [16], p.5.

Murray objects to each line of reasoning in the R&R. He argues that the increased exposure of five additional years is significant, and that *Bordenkircher*'s general rule should not apply where, as here, the vindictive action occurred on the eve of trial. Murray further contends that because he never filed a motion in limine seeking to exclude the evidence of the drugs found during the March 27 search, there is no merit to the Government's argument that it was motivated by an attempt to streamline trial or avoid a fight over the admissibility of that evidence.

After careful consideration, the Court agrees with Judge Brill's conclusion that Murray has failed to make a colorable claim that the addition of count five was vindictive. Murray's motion to dismiss count five of the indictment is therefore denied.[4]

## IV.  Conclusion

For the foregoing reasons, as well as those set forth in the Order adopting the 2013 R&R [Doc. 69 in case 1:13-cr-134], the Court adopts as its Order the R&R and overrules Murray's objections thereto.

IT IS SO ORDERED this 7th day of January, 2015.

_____
Timothy C. Batten, Sr.
United States District Judge

---

[4] The Court further agrees with the R&R's conclusion that no evidentiary hearing is warranted because Murray has failed to present "facts sufficient to create a reasonable doubt about the constitutionality of" the addition of count five. *United States v. Silien*, 825 F.2d 320, 322 (11th Cir. 1987).